**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**APRIL PARKER,**

       **Plaintiff,**                   **CIVIL ACTION NO. 09-14753**

  vs.

                                       **DISTRICT JUDGE SEAN F. COX**

**WEBER and OLCESE, PLC,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**JEFFREY WEBER, MICHAEL**
**OLCESE, ROBERT REZNICK,**
**and DUE PROCESS OF**
**MICHIGAN, INC.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendants Weber & Olcese, Michael Olcese, and Jeffrey Weber (docket no. 19) be **DENIED**. The Court further recommends that Plaintiff's complaint be dismissed against all Defendants pursuant to Federal Rule of Civil Procedure 41(b).

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Weber & Olcese, Michael Olcese, and Jeffrey Weber. (Docket no. 19). Plaintiff's counsel filed a response. (Docket no. 20). Defendants filed a reply. (Docket no. 21). The motion was referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 22). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

**A.     Facts**

Plaintiff filed this action on December 7, 2009 against Weber & Olcese, PLC, a debt collection law firm, attorneys Jeffrey Weber and Michael Olcese, Robert Reznick and his business, Due Process of Michigan, Inc. On September 17, 2010 Defendants Weber & Olcese, Michael Olcese, and Jeffrey Weber filed a Motion to Dismiss as a sanction for Plaintiff's failure to comply with discovery orders. (Docket no. 19). Defendants also seek an award of costs and attorney's fees incurred in defending this action. In their motion Defendants contend that they served interrogatories and requests to produce upon Plaintiff on February 16, 2010 and that Plaintiff has not responded to the discovery requests. Defendants further contend that Plaintiff failed to appear at her August 18, 2010 deposition. Subsequently, the Court ordered Plaintiff to appear for deposition on September 13, 2010. (Docket on. 18). Defendants state that Plaintiff failed to appear at this deposition as well.

In response to the motion Plaintiff's counsel states that he has attempted on numerous occasions to contact Plaintiff through letters and phone calls without success. (Docket no. 20). He asks the Court to take whatever action it deems necessary concerning the Motion to Dismiss because he cannot account for Plaintiff's conduct. (Docket no. 20). Consequently, the Court ordered Plaintiff to show cause on or before May 6, 2011 why her complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b) or for failure to provide or permit discovery under Rule 37. (Docket no. 26). The show cause order states in clear bold print that Plaintiff's failure to show good cause may result in dismissal of her complaint in its entirety. Plaintiff's counsel responded to the show cause order, indicating that he has still been unable to contact Plaintiff. (Docket no. 27).

**B.     Standard**

Defendants seek dismissal of Plaintiff's claims along with costs and attorney's fees under Rule 37. Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to attend her own deposition, answer interrogatories, or respond to a request for production of documents. Federal Rule of Civil Procedure 37(b)(2)(a) permits the Court to order sanctions, including dismissing a case in whole or in part, if a party fails to obey an order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(A)(v). Sanctions may also include an order requiring the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(b)(2)(C), (d)(3). "A motion for sanctions for failing to answer or respond must contain a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed.R.Civ.P. 37(d)(1)(B). The Rule does not require such certification where the movant seeks sanctions for a party's failure to attend her own properly noticed deposition.

**C.     Analysis**

E.D. Mich. Local Rule 7.1(a) requires that a party seek concurrence from the opposing party prior to filing a motion. "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009). Defendants' motion does not state that they sought concurrence prior to filing their motion. Accordingly, because Defendants failed to comply with LR 7.1(a), their Motion to Dismiss and request for costs and attorney's fees should be denied.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion or *sua sponte* if "the plaintiff fails to prosecute or to comply with these rules or a court

3

order. . . ." Fed.R.Civ.P. 41(b); *see Baker v. Wayne City Michigan Police Dep't.*, No. 06-13079, 2007 WL 3203121, at *2 (E.D. Mich. Oct. 31, 2007) (Rule 41(b) permits the court to dismiss a case *sua sponte* for failure to prosecute). Before an action may be dismissed, the Court should consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999) (citation omitted). Dismissing a claim for failure to prosecute is a harsh sanction appropriate only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-15 (6th Cir.1998) (citation omitted).

By all indications Plaintiff has acted willfully and without justification. Defendants are prejudiced by their inability to proceed or defend against this action. Furthermore, Plaintiff has been warned by the Court that her continued inaction may lead to dismissal of her complaint in its entirety. Although Defendants Robert Reznick and Due Process of Michigan did not join in the Motion to Dismiss filed by Defendants Weber & Olcese, Jeffrey Weber, and Michael Olcese, and have not filed their own motion, the show cause order clearly warned Plaintiff that her failure to show good cause under the order could result in dismissal of her complaint in its entirety. Finally, given Plaintiff's apparent refusal to participate in the prosecution of this action, there is no less drastic sanction for the Court to order. Accordingly, the Court recommends that Plaintiff's complaint be dismissed against all Defendants pursuant to Rule 41(b).

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 10, 2011                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: May 10, 2011                         s/ Lisa C. Bartlett
                                            Case Manager